By the Court.—Curtis, J.
It appears from an affidavit on the part of the plaintiff, that the plaintiff appealed to the Court of Appeals, from a judgment of the general term reversing a judgment of the special term in his favor, and granting a new trial, and stipulated that should the judgment appealed from be affirmed, judgment absolute should be rendered against him.
Under this stipulation, the Court of Appeals after a hearing, ordered judgment absolute against the plaintiff. The motion at special term for an allowance was made, not only upon the affidavit above referred to, but upon the remittitur from the Court of Appeals, which was presented to the judge, who made the order appealed from, and is referred to in that order.
The papers on this appeal, do not contain the remittitur, and the general term under the rules and practice of the court ought, on appeal, to have all the papers upon which the order appealed from is based, placed before it.
Especially is this the case, when the court is called upon to take some action incident to the judgment contained in that very remittitur from the Court of Appeals. Even if we bad it before us, it does not seem clear that this court has any power to add any further adjudication or order to the judgment contained in that remittitur, or to supply any omission or defect. If that court before which the hearing or determination under the stipulation was had, does not direct an al *298 lowance in its judgment, there does not appear to be authority elsewhere to adjudge it (McGregor v. Buell, 1 Keyes, 157, 158). There is another difficulty in our attempting to pass upon it, as the 56th rule limits this application to the court before which the trial is had, or the judgment rendered.
ISTo express provision of the code exists granting an allowance in a case like the present, where a judgment is rendered under this form of stipulation, and as from the nature of the proceeding it might be often inequitable that there should be an allowance, it is more reasonable-to consider that the legislature intended that there should not be one granted, than to seek, for it from analogy and implication.
In that class of cases, where the court has power to grant allowances provided for in the 309th section of the code, in which it is stated, they may be made “in difficult and extraordinary cases, where a defense has been interposed,” there is reason to believe, that the legislature intended by the use of the word “ defense ” to mean something more than an answer or demurrer being interposed, as it may be claimed that it is employed in distinction from those terms ; and if the legislature had intended to refer simply to the interposition of an answer or demurrer, it would, as in other instances throughout the code, have used those specific terms. In addition, it maybe fairly assumed, that as in the current affairs of all enlightened communities, men are encourged to seek a peaceful and just solution of questions and controversies, by commencing suits, the occasion for which often ceases on the interposition of merely an answer, that the legislature never contemplated that in such contingencies, a plaintiff should be subjected to any greater payment than the fixed and determined amount of costs which has usually been given. It can not be presumed that under such circumstances, it was intended to subject the plaintiff to *299 the hazard of being obliged to pay in addition, sums that under the name of allowances, may be severe and ruinous to the law-abiding and peaceable suitor.
The order appealed from should be affirmed, with costs to the respondent.
Speir, J., concurred.